IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES BETHEL, | ) | CASE NO. 4:09CV3058 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ERIC MARTIN, MARY A. STEINBECK, | ) | |
| COLIN G. ANDREWS, and INTERNAL | ) | |
| REVENUE SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on March 13, 2009. (Filing No. 1.) Also pending before the court is Plaintiff's Motion to Quash. (Filing No. 6.) Plaintiff previously has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   PLAINTIFF'S PENDING MOTIONS

Plaintiff filed a Motion to Quash (Filing No. 6) which the court construes as a Motion to Amend Complaint. A party may amend its pleading once as a matter of course "before being served with a responsive pleading." Fed. R. Civ. Pro. 15(a)(1)(A). In addition, the court may consider a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading." NECivR 15.1(b). Therefore, Plaintiff's motion is granted and the amended complaint is treated as supplemental to the original for purposes of this Memorandum and Order.

## II. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

Plaintiff filed his original Complaint on March 23, 2009, against the Internal Revenue Service ("IRS") and three individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff currently resides in Lincoln, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendants violated his due process rights because they garnished his wages to pay his tax liability. (*Id.* at CM/ECF p. 3.) Specifically, Plaintiff alleges that in November 2008, Defendants sent him a "Notice of Levy" informing Plaintiff that he had a tax liability. (*Id.* at CM/ECF p. 2.) This liability was associated with Plaintiff's decision not to pay federal income taxes and to "file EXEMPT on [his] W-4 forms." (*Id.*) However, Plaintiff disputes this liability because "Citizens [are] protected from direct taxes in various parts of the [C]onstitution." (*Id.*)

In February 2009, Defendants began garnishing Plaintiff's wages, leaving him with only 25 percent of his paycheck. (*Id.* at CM/ECF p. 3.) Because of the garnishment, Plaintiff is "suffering" financially and "cannot sleep eat or work properly." (*Id.*) Plaintiff seeks injunctive relief in the form of a court order that directs Defendants to "stop current and future" collection activities. (*Id.* at CM/ECF p. 5.) Plaintiff also seeks the return of his garnished wages. (Filing No. 6 at CM/ECF p. 1.)

### B. Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to

state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**C.    Discussion of Claims**

Plaintiff's request for injunctive relief invokes the Anti-Injunction Act ("Act"). 26 U.S.C. § 7421(a). This Act provides that, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id*. However, there are several statutory exceptions and one judicial exception to the Act. *See* 26 U.S.C. §§ 6212(a), (c), 6213(a), 6672(b), 6694(c), 7426(a), (b)(1), 7429(b); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).

1.    Statutory Exception

The statutory exceptions germane to Plaintiff's claim are 26 U.S.C. §§ 6212(a) and 6213(a). These exceptions require the Commissioner to mail a notice of deficiency to the

3

taxpayer ninety days before collection activities are initiated. *See* 26 U.S.C. §§ 6212(a), 6213(a). Here, Defendants sent Plaintiff a "Notice of Levy" in November 2008, and did not initiate collection activities until February 2009. (Filing No. 1 at CM/ECF pp. 2-3.) However, because Plaintiff has not alleged specific dates it is unclear whether Defendants violated the statutory notice requirements. Accordingly, Plaintiff's Complaint fails to allege sufficient facts to state a claim for injunctive relief under the statutory exceptions to the Act. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly allege facts sufficient to state a claim for injunctive relief under the statutory exceptions to the Act. Any amended complaint shall restate the allegations of Plaintiff's prior Complaints (Filing Nos. 1 and 6) and any new allegations.[1] Failure to consolidate all claims into one document may result in the abandonment of claims.

    2.    Judicial Exception

Under the judicial exception, injunctive relief is available if the taxpayer can demonstrate that "(1) under the most liberal view of the law and the facts available to the government at the time of the suit, it is apparent that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injury will occur for which there is no adequate remedy at law." *Ponchik v. Comm'r of Internal Revenue*, 854 F.2d 1127, 1130 (8th Cir. 1988) (citing *Enochs,* 370 U.S. at 6-8.). "Unless both of these prerequisites are

---

[1] Plaintiff also alleges that he filed a collection appeal that was denied in December 2008. (Filing No. 1 at CM/ECF p. 5.) It is unclear whether Plaintiff is challenging the denial of this appeal. Because the court is permitting Plaintiff 30 days to amend his Complaint, Plaintiff is permitted to clarify whether he is challenging the denial of his collection appeal by asserting the grounds for such a challenge in his amended complaint.

4

satisfied, a suit for preventative injunctive relief must be dismissed." *Ponchik*, 854 F.2d at 1130 (internal quotations and citations omitted).

Plaintiff fails to allege facts sufficient to establish both judicial exception elements. First, Plaintiff's allegation of mere financial hardship does not constitute irreparable harm. *See Enochs*, 370 U.S. at 7; *Huston v. Iowa Soap Co.*, 85 F.2d 649, 653 (8th Cir. 1936). Also, Plaintiff has an adequate remedy at law because he can pay the tax and file an action for refund. *See* 26 U.S.C. § 7422.

Second, Plaintiff does not allege facts that demonstrate that the United States will not prevail in this case. In fact, Plaintiff admitted that he filed "EXEMPT on [his] W-4" and experienced a "decade of freedom" from income taxes. (Filing No. 1 at CM/ECF p. 2.) However, as with the statutory exceptions, Plaintiff shall have 30 days in which to amend his Complaint to clearly allege facts sufficient to state a claim for injunctive relief under the judicial exception to the Act. Again, any amended complaint shall restate the allegations of Plaintiff's prior Complaints (Filing Nos. 1 and 6) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Complaint (Filing No. 6) is granted;

2. Plaintiff shall have until **June 28, 2009**, to amend his Complaint and adequately allege facts sufficient to state a claim under an exception to the Anti-Injunction Act. If Plaintiff fails to submit an adequate amendment, this matter will be dismissed without prejudice and without further notice for lack of subject matter jurisdiction.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing Nos. 1 and 6), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

4.       The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: **June 28, 2009**: check for amended complaint and dismiss if none filed; and

5.       Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 27th day of May, 2009.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge